HERBERT CLARK GILSON et al., receivers, &c.,

*v.*

J. CHARLES APPLEBY et al.

[Decided January 5th, 1911.]

1. A "plea" in equity is in effect an answer which reduces the issue between the parties to a single point.

2. All the facts necessary to sustain defendant's contention must be set forth in a plea in equity, or it is bad in form; and a plea, to be good, must set up facts which constitute a complete defence either to the whole bill or to so much as it purports to be an answer or defence to.

3. The citizens of another state are not exempt from service of process in New Jersey.

4. A plea in equity to the jurisdiction, alleging that defendants have not been served with process in the state, nor at all, and they were, when the suit was begun, and are now, citizens of other states, is not a good plea, where it does not appear that the complainant has sought to serve defendant with process in the state, or at all.

5. On a plea to the jurisdiction in equity, alleging that defendants have not been served with process in the state, nor at all, the court is not required to look to the files to determine that there was no subpœna returned served on the defendant, and that there was an order of publication made therein, but will look only at the bill and plea.

6. Where pleas to the jurisdiction in equity on the ground that defendants are citizens of other states and have not been served with process in New Jersey, nor at all, are held bad for failure to show that any attempt has been made to serve process, leave will be given defendants to apply for leave to file amended pleas.

On bill and pleas.

The pleas of the respective defendants, J. Charles Appleby and William R. Appleby, are identical, excepting that one of such defendants. alleges himself to be a resident of the State of Virginia, and the other of the State of Minnesota. The form of the plea is as follows:

"The plea of                    , one of the persons named as defendants in the bill of complaint in the above stated cause, who now appears specially for the sole purpose of objecting to the jurisdiction of the Court over him;

"The said                    not confessing any of the matters or things alleged in the said bill to be true, for plea to the whole of the said bill, says, that he has not been served with process in this cause within the State of New Jersey nor at all; and that he is now and was at the time when this suit was begun a citizen and resident of the State of.........................., and is not subject to service of process within the State of New Jersey.

"And he pleads Article XIV, Sec. 1 of the Constitution of the United States to the jurisdiction of this Court, and prays the judgment of this Court whether it has jurisdiction over him to require him to answer said bill, or to make against him any order or decree in this cause; and he prays to be hence dismissed with his costs."

*Mr. Merritt Lane,* for the complainants.

*Messrs. Hartshorne, Insley & Leake,* for the pleading defendants.

GARRISON, V. C. (after stating facts).

When the argument was held upon the bill and pleas many difficult and interesting questions were debated, and the court announced to counsel its views upon certain of those questions, with the result that an order was made allowing the pleas to stand with qualifications as stated in the court's opinion. Upon the court's own motion a rehearing was had upon the subject-matter, and after such rehearing, the court is convinced that, by reason of questions now for the first time raised and considered, the pleas, in their present form, cannot be allowed to stand.

A plea is in effect an answer which reduces the issue between the parties to a single point. The facts which produce this re-

sult may be numerous, and are not for that reason necessarily inappropriate to be set up in a plea; but the effect of such facts must be to reduce the issue between the parties to a single point. All the facts necessary to sustain the defendant's contention must be set forth in the plea, or it is bad in form. *Dan. Ch. Pl. & Pr. (6th Am. ed.) 682, *683 et seq.*

The pleas in this case are, in my view, bad in form. A plea, to be good, must set up facts which, if proven, constitute a complete defence, either to the whole bill or to so much of the bill as they purport to be an answer or defence to.

The only facts set up in this plea are that the pleading defendant has not been served with process in this cause within the State of New Jersey, nor at all; and that he is now, and was, at the time when this suit was begun, a citizen and resident of another state of the Union, and is not subject to the service of process within the State of New Jersey. I know of no principle of law recognized in the State of New Jersey which exempts the citizens of any state of the Union from service of process within the State of New Jersey; and, therefore, it is certainly bad pleading for a defendant to set up as a bar to a suit in New Jersey that he is a resident of another state, and is not subject to service of process within the State of New Jersey. As a matter of law and of fact, he is subject to the service of process within the State of New Jersey whenever he may be found therein (subject to certain exceptions based upon his reason for being in the state, *i. e.,* attendance at court, and the like). Nor is that part of the plea which sets up the fact that he has not been served with process in this cause within the State of New Jersey, nor at all, a good plea, because it does not appear from anything in the plea that the complainant has yet sought to serve him with process within the State of New Jersey, or at all; and it does not, therefore, follow that, if and when the complainant so seeks to obtain jurisdiction over the defendant, he may not, in the first place, serve him within the State of New Jersey; nor, in the second place, obtain service by some method of substituted service recognized as efficient by the courts of this state and of the federal government.

The omission to set up these facts, if any such exist which

show how the complainants have sought to obtain jurisdiction over the defendant, is, in my view, fatal to the plea. To hold otherwise, would be to hold that any person named in a bill in chancery, as a defendant, could immediately, upon the bill being filed, come into this court with just such a plea as the one in hand and obtain a judgment in his favor, with costs, which would be a palpable absurdity; because, until the complainant has sought to get the defendant into court, it is true that the defendant has not been served with process in the State of New Jersey, nor at all; but that does not give him a right, because of that fact, to come into the court protesting that it has not jurisdiction over him until it has sought by some means or process to obtain jurisdiction over him.

Upon this view being suggested to the counsel for the pleading defendants at the time of the reargument before mentioned, their reply was that this court should look at the files and see— first, that there was no subpœna returned served upon the pleading defendants, and second, that there was an order of publication made herein. In my view, this would be entirely improper practice. The only things which the court should look at upon bill and plea, are the bill and plea; and unless the facts which the defendants rely on as a bar are set up either in the bill or plea, they are not, in my view, properly before the court upon bill and plea.

I have not looked at the files, as suggested by the defendants' counsel, that I should; but, for the purpose of illuminating my view, let us suppose that the files disclose that an order of publication has been issued and has been served in some other state of the Union upon the defendants. If such a condition be found to exist, it seems clear to me that the defendants have failed to raise the point or issue which they seek to raise. The point or issue which they seek to raise is that this particular suit is one calling for a personal judgment against the defendants, and must be based upon a personal service upon the defendants within the State of New Jersey, and that a service under an order of publication, made outside of the State of New Jersey, is not such service as, under the constitution of the United States, will support a personal judgment against the defendants.

It seems to me too clear to require further elucidation that the defendant must wait, in any case, until there has been some attempt made by the court to exercise its jurisdiction over him by some form of process; and that when such an attempt has been made, and is, in his view, ineffective, he must, if this form of procedure is to be allowed at all, set forth in his plea the facts concerning the attempted bringing of him into the jurisdiction of the court by process and the reason why the same is ineffectual.

As I have just above pointed out, to hold otherwise would be to permit defendants to come in before the court had even attempted to obtain jurisdiction over their person by any form of process; and it is too clear to require argument that defendants have no such right. Their utmost right to object that the court has not jurisdiction is to come in after there has been an attempt to obtain jurisdiction over them—not before. For all that appears on the face of this plea, no attempt at all has been made to obtain any jurisdiction over the pleading defendants; and they, like all other natural persons, are unquestionably amenable to the jurisdiction of our courts in transitory actions, if they are found, within the state and are not within the exceptions of the character noted above. In every other case of this character where pleas to the jurisdiction of the court have been interposed, and the plea has been printed in the opinion, it will be found that the practice which I herein state to be the proper one has been followed. In each of those cases the plea sets out the means by which the complainant attempted to bring the defendant within the jurisdiction of the court, and sets up facts or reasons why such attempted service or means of bringing the defendant within the jurisdiction of the court were ineffective. *Puster* v. *Parker Mercantile Co. (Court of Errors and Appeals, 1905)*, *70 N. J. Eq. (4 Robb.) 771; Groel* v. *United Electric Co. (Vice-Chancellor Garrison, 1905)*, *70 N. J. Eq. (4 Robb.) 616; Ewald* v. *Ortynsky (Vice-Chancellor Garrison, 1910)*, *76 N. J. Eq. (6 Buch.) 291.*

The result is that I shall hold the pleas bad, with leave, however, to the pleading defendants to apply for leave to file amended pleas.

I am aware that under the old English practice there are cases that hold that where a plea to the jurisdiction has been overruled, leave would not be given to again raise the question; but since the class of pleas that we are dealing with called pleas to the jurisdiction of this court were never known in England, and are entirely the product of our own practice in our own state, it is perhaps not proper to apply the same rules to them which obtain in the English court of chancery. In any event, I will entertain such an application and pass upon it, if made.

The order heretofore made herein allowing the pleas to stand will, of course, be vacated. The form of the order herein will be made upon notice.